UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

CASE NO. 1:20-cv-22950-XXXX

ONE TRADE LTD, LLC,

    Plaintiff,

vs.

JOHN GLENN and JOHN GLENN, P.C.
d/b/a THE LAW FIRM OF JOHN
GLENN, P.C.,

    Defendants.
_____/

## COMPLAINT

Plaintiff One Trade Ltd, LLC ("One Trade"), by the undersigned, brings the following Complaint against Defendants John Glenn ("Attorney Glenn") and John Glenn, P.C. d/b/a The Law Firm of John Glenn, P.C. (the "Glenn Firm") (collectively, "Defendants"), and alleges:

### I.   PARTIES

1.  Plaintiff One Trade is a limited liability company formed under the laws of Delaware that operates its principal place of business in Miami-Dade County, Florida.  One Trade's Managing Member, Simon Librati ("Mr. Librati"), is its sole member and is an individual who resides and is domiciled in Miami-Dade County, Florida.  Therefore, One Trade is a citizen of Florida.

2.  Defendant Attorney Glenn is a practicing attorney who is a member of the Bar of the State of Colorado.  Attorney Glenn is an individual who resides and is domiciled in the State of Colorado.  Therefore, Attorney Glenn is a citizen of Colorado.

3. Defendant the Glenn Firm is a professional corporation that operates as a law firm. The Glenn Firm was incorporated in the State of Colorado with its principal place business at 155 E. Boardwalk Drive, Suite 400, Fort Collins, Colorado 80525. Upon information and belief, Attorney Glenn is the sole owner of the Glenn Firm. Therefore, the Glenn Firm is a citizen of the State of Colorado.

## II.   JURISDICTION AND VENUE

4. Subject matter jurisdiction exists based on diversity of citizenship under 28 U.S.C. §1332, because (a) the parties are citizens of different states (Florida and Colorado); and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Personal jurisdiction exists based on Florida Statute § 48.193(1)(a)(1) because Defendants provided legal and also escrow services for Florida-based One Trade and communicated on numerous occasions with One Trade in Florida, so the communications were sent to and/or from Florida and therefore occurred in Florida.

6. In addition, personal jurisdiction exists based on Florida Statute § 48.193(1)(a)(2) because Defendants committed tortious acts which touched, concerned, and affected the operations of One Trade in Florida. Because One Trade's operations and the subject below-described events occurred in Florida, One Trade was damaged in Florida.

7. Venue is proper in this District under 28 U.S.C. §1391(b)(2), because (a) One Trade operates in Miami-Dade County, and thus within this District; and (b) a substantial part of the events or omissions giving rise to this action occurred, or a substantial part of property that is the subject of this action is or was situated, in Miami-Dade County, and thus within this District.

### III.  ALLEGATIONS

**A. ONE TRADE HIRES DEFENDANTS FOR BOTH
LEGAL AND ALSO ESCROW SERVICES TO PURCHASE BITCOIN**

8. In or around July 2018, One Trade was interested in investing in, and thus purchasing, a substantial amount of Bitcoin, a digital currency.

9. Regarding One Trade's anticipated purchase of the Bitcoin, Mr. Librati was introduced to Defendants. Defendants represented themselves as both a lawyer and also an escrow agent who could handle the subject Bitcoin purchase as One Trade's lawyer and escrow agent.

10. Therefore, One Trade and Defendants entered a verbal agreement for Defendants to represent One Trade in two capacities: (a) One Trade's lawyer; and (b) One Trade's escrow agent. Therefore, Defendants were required to provide the necessary legal and also escrow services on One Trade's behalf, for purposes of One Trade's subject purchase of Bitcoin from seller Diversified Artificial Intelligence Technology Group, LLC ("Diversified"). Diversified is a limited liability company believed to be owned and controlled solely by Jeff Hutton, an individual residing in Florida.

11. As part of the subject verbal agreement, Attorney Glenn would have primary and sole responsibility for personally providing the services on One Trade's behalf.

12. Defendants represented to One Trade that the specific agreed-to legal and also escrow services included: (a) Defendants would properly handle the Bitcoin closing and release One Trade's escrowed purchase funds (as described below, $3,152,625) to the seller only after One Trade had received the Bitcoin; (b) the seller would get the full amount of One Trade's purchase funds and One Trade would get the full amount of Bitcoin; and (c) One Trade's purchase funds would be returned to One Trade if One Trade did not receive the Bitcoin.

13. Defendants held themselves out to One Trade as a fiduciary looking out for solely One Trade's interests in purchasing the subject Bitcoin.

14. One Trade relied on Defendants' representations, given that Attorney Glenn is a lawyer and member of the Colorado Bar.

15. As it turned out, and as further described below, none of what was represented in paragraph 12 happened: (a) Defendants did not provide to One Trade any written closing documents such as purchase-sale documents; (b) Defendants broke escrow/trust and disbursed One Trade's escrowed purchase funds before One Trade received any Bitcoin; and (c) One Trade never received any Bitcoin and never received back its purchase funds consisting of $3,152,625.

16. Defendants broke escrow/trust without notice to One Trade and thus without One Trade's knowledge and authorization. As further described below, the money has never been returned and is still missing.

17. Below are the specific events that shockingly happened on Defendants' watch.

### B. DEFENDANTS DISBURSED FUNDS FROM ESCROW PREMATURELY AND THE MONEY HAS NEVER BEEN RETURNED

18. Defendants instructed One Trade to wire the purchase funds consisting of $3,152,625 into the Glenn Firm's escrow/trust account for purposes of One Trade's purchasing Bitcoin.

19. On July 16, 2018, July 20, 2018 and July 23, 2018, One Trade wired $1,650,000, $1,150,000, and $352,625, respectively, for a total amount of $3,152,625 to the Glenn Firm. Again, this $3,152,625 represented One Trade's buyer's or purchase funds to be held in escrow/trust by Defendants for purposes of the Bitcoin closing/purchase that Defendants handled (or in reality, completely mis-handled, as further described below).

20. Specifically, One Trade's wires totaling $3,152,625 went to the Glenn Firm's trust account, specifically an account at J.P. Morgan Chase Bank, N.A. ("JP Morgan") in the name of "John Glenn, P.C., Colorado Lawyers Trust Account Foundation Collection Account." The Fedwire references listed "ESCROW SERVICES" and "JOHN GLENN P.C. COLORADO LAWYERS FORT COLLINS CO 80525."

21. The closing was supposed to occur at or near the time of the final transfer from One Trade – meaning on or shortly after July 23, 2018.

22. Defendants released the $3,152,625 and broke escrow/trust. Upon information and belief, Diversified or its owner received One Trade's money. This occurred before One Trade received any amount of Bitcoin.

23. No Bitcoin was ever transferred to One Trade by Defendants, Diversified, or anyone else regarding the subject transaction.

24. Defendants have refused to provide any details or explanation regarding what happened or where Defendants transferred One Trade's $3,152,625.

25. Defendants have refused to return to One Trade the $3,152,625, let alone one penny.

26. On August 1, 2018, Mr. Librati, on behalf of One Trade, contacted his banker at Bank of America and submitted a customer complaint against Defendants, seeking that the Glenn Firm's escrow/trust account be frozen based on what had occurred.

27. On August 2, 2018, Defendants promised to return the $3,152,625 to One Trade if Mr. Librati rescinded his customer complaint. That same day, Mr. Librati agreed to rescind his customer complaint, but Defendants still did not return the $3,152,625 to One Trade.

28. Upon information and belief, Defendants were actually, and may still be, Diversified's and its owner's lawyer. If such was true, Defendants had an ethical and legal obligation to advise One Trade of such representation, to advise One Trade that such was a conflict of interest by also representing One Trade, and to advise One Trade that it should hire its own counsel.

29. All conditions precedent for asserting the claims herein have been satisfied, executed, or waived.

30. One Trade has retained the undersigned law firm to bring this action and has agreed to pay counsel reasonable attorneys' fees and costs for its services.

### COUNT I – NEGLIGENCE AGAINST DEFENDANTS
### (IN THE ALTERNATIVE TO COUNTS II, III, AND IV)

31. One Trade incorporates paragraphs 1 through 30, as if set forth here.

32. Defendants owed One Trade a duty of care in the transfer of purchase funds regarding One Trade's purchase of Bitcoin from Diversified.

33. Defendants breached their duty of reasonable care to One Trade by failing to conduct the necessary due diligence into the transaction and for prematurely releasing One Trade's funds from escrow. For example, (a) Defendants did not provide to One Trade any closing documents such as purchase-sale documents; (b) Defendants broke escrow/trust and disbursed all of One Trade's escrowed purchase funds before One Trade received any Bitcoin; and (c) One Trade never received any Bitcoin and never received back its purchase funds consisting of $3,152,625.

34. Defendants' breaches proximately caused One Trade to incur damages.

35. As a result, One Trade has incurred damages in the principal amount of $3,152,625.

WHEREFORE, One Trade respectfully demands judgment for (a) damages against Defendants; (b) prejudgment interest from the date of Defendants' breaches; and (c) any further relief that is just and proper.

### COUNT II – BREACH OF CONTRACT AGAINST DEFENDANTS
### (IN THE ALTERNATIVE TO COUNTS I, III, AND IV)

36. One Trade incorporates paragraphs 1 through 30, as if set forth here.

37. Defendants and One Trade entered into a valid verbal attorney-client and also escrow agreement, in which Attorney Glenn would personally provide both legal and also escrow services, wearing two hats as One Trade's lawyer and also escrow agent.

38. The agreed-to legal and also escrow services included: (a) Defendants would properly handle the Bitcoin closing and release One Trade's escrowed purchase funds (the $3,152,625) to the seller only after One Trade had received the Bitcoin; (b) the seller would get the full amount of One Trade's purchase funds and One Trade would get the full amount of Bitcoin; and (c) One Trade's purchase funds would be returned to One Trade if One Trade did not receive the Bitcoin.

39. Defendants breached the agreement because: (a) Defendants did not provide to One Trade any written closing documents such as purchase-sale documents; (b) Defendants broke escrow/trust and disbursed One Trade's escrowed purchase funds before One Trade received any Bitcoin; and (c) One Trade never received any Bitcoin and never received back its purchase funds consisting of $3,152,625.

40. One Trade has incurred damages resulting from Defendants' breaches.

WHEREFORE, One Trade respectfully demands judgment for (a) damages against Defendants; (b) prejudgment interest from the date of Defendants' breaches; and (c) any further relief that is just and proper.

### COUNT III – BREACH OF FIDUCIARY DUTY AGAINST DEFENDANTS
### (IN THE ALTERNATIVE TO COUNTS I, II, AND IV)

41. One Trade incorporates paragraphs 1 through 30, as if set forth here.

42. One Trade entrusted its funds with Defendants, who accepted them.

43. Defendants had special duties to act as lawyer and also escrow agent for One Trade's purchase of the subject Bitcoin.

44. One Trade reposed trust and confidence in Defendants, and Defendants had influence over One Trade moving forward with the subject transaction.

45. Defendants also had superior knowledge of, and access to, the subject transaction.

46. As such, Defendants owed One Trade fiduciary duties.

47. Defendants breached their fiduciary duties because: (a) Defendants did not provide to One Trade any closing documents such as purchase-sale documents; (b) Defendants broke escrow/trust and disbursed One Trade's escrowed purchase funds before One Trade received any Bitcoin; and (c) One Trade never received any Bitcoin and never received back its purchase funds consisting of $3,152,625.

48. As a direct and proximate cause of Defendants' breaches, One Trade has incurred damages in the principal amount of $3,152,625.

WHEREFORE, One Trade respectfully demands judgment for (a) damages against Defendants; (b) prejudgment interest from the date of Defendants' breaches; and (c) any further relief that is just and proper.

### COUNT IV – ATTORNEY MALPRACTICE AGAINST DEFENDANTS
### (IN THE ALTERNATIVE TO COUNTS I, II, AND III)

49. One Trade incorporates paragraphs 1 through 30, as if set forth here.

50. One Trade maintained an attorney-client relationship with Defendants.

51. Defendants breached their duty of trust and loyalty and care because: (a) Defendants did not provide to One Trade any closing documents such as purchase-sale documents; (b) Defendants broke escrow/trust and disbursed One Trade's escrowed purchase funds before One Trade received any Bitcoin; and (c) One Trade never received any Bitcoin and never received back its purchase funds consisting of $3,152,625.

52. As a direct and proximate cause of Defendants' breaches, One Trade has incurred damages of at least $3,152,625.

WHEREFORE, One Trade respectfully demands judgment for (a) damages against Defendants; (b) prejudgment interest from the date of Defendants' breaches; and (c) any further relief that is just and proper.

Date: July 16, 2020

Respectfully submitted,

**SALLAH ASTARITA & COX, LLC**
*Counsel for One Trade*
3010 North Military Trail
Suite No. 210
Boca Raton, Florida 33431
Tel.: (561) 989-9080
Fax: (561) 989-9020

/s/Joshua A. Katz, Esq.
**James D. Sallah, Esq.**
Fla. Bar No. 0092584
Email: jds@sallahlaw.com
**Patrick J. Rengstl, Esq.**
Fla. Bar No. 0581631
Email: pjr@sallahlaw.com
**Joshua A. Katz, Esq.**
Fla. Bar No. 0848301
Email: jak@sallahlaw.com